No. 3845

Second Circuit

ROBERTS v. HOWARD

(December 23, 1930. Opinion and Decree,)

W. D. Cotton, of Rayville, attorney for plaintiff, appellee.

V. M. Mouser, of Columbia, attorney for defendant, appellant.

WEBB, J. Plaintiff, · Felix Roberts, brought this action against defendant, M. L. Howard, to recover judgment in the sum of $200, with legal interest from January 6, 1928, and attorney's fees of 10 per cent on the principal sum and interest.

Plaintiff alleged that he was the owner of a certain promissory note for $500, drawn by defendant, payable to plaintiff's order on January 6, 1928, which stipulated for the payment of 10 per cent attorney's fees, and that, although there was not any stipulation for interest, he was entitled to legal interest from date of the note; that defendant had paid petitioner $200 prior to the maturity of the note, represented by two payments which had been credited on the note; that plaintiff pledged the note to Mrs. Frances Rushing, and that he had authorized the pledgee to collect $100 on the note, but that the pledgee, after demanding payment of $100 on the note and collecting same, had, without the consent or knowledge of plaintiff, delivered the note to defendant, who held or destroyed same with the purpose of defeating plaintiff's rights.

In answer defendant admitted that he had drawn the note, and that the payments as alleged had been made. But he alleged that he had made other payments to Roberts aggregating $200. Defendant also admitted that he had paid $100 on the note

to Mrs. Rushing, or her representative, and alleged that such amount was the balance due on the note, and that Mrs. Rushing or her representative had delivered the note to him, and that the note was either among other papers of defendant, or had been destroyed, and that he had been unable to find the note.

On trial judgment was rendered in favor of plaintiff for the principal sum, with interest as demanded, and rejecting the demand for attorney's fees, from which judgment defendant appealed, and plaintiff has answered the appeal, praying that the judgment be amended and his demand for attorney's fees allowed.

In presenting the cause here, as appears to have been the case in the trial court, appellant urges that, defendant having the note in his possession, the presumption is that it has been paid, and that plaintiff carried the burden of proof to establish that the note had not been paid, while appellee urges that the burden of proof was on defendant.

While as a general rule the presumption is as stated when a note which has been negotiated is afterward found in possession of the drawer. The presumption, however, as in that of ownership under like circumstances, arises from the fact of possession; but when, as in the present case, the pleadings as well as the evidence show that the note was not indorsed, and that possession of the note was acquired from a pledgee who was without title to the note, and whose authority at most was to collect the note, the presumption does not, we think, arise (see Dufour Bertrand Feed Co. v. Dedebant, 9 Orl. App. 321; 8 Corpus Juris, sec. 1014), and in the present case the burden of proof was on defendant to establish that the amount paid to Mrs. Rushing or her agent was the balance due on the note.

As stated, the note was for $500, of which amount plaintiff alleged defendant had paid $200, before the note was pledged by him to Mrs. Rushing, and defendant alleged that he had paid plaintiff an additional amount of $200, leaving only a balance of $100, due on the note, which defendant alleged was paid to Mrs. Rushing.

On trial, however, defendant, in explanation of the alleged payment of $200, besides that admitted to have been paid, said that he had paid $85 at one time, for which plaintiff agreed to allow him credit for $100, and that he had made three other payments of $15, $40, and $45. Defendant was unable to give any further information relative to the payments other than that they were made in cash and when no one, other than himself and plaintiff, was present, and the latter denied that any of the payments had been made.

There was not any positive proof which directly supported the statements of either of the parties, and while defendant's evidence does not show that he made any effort to find the note, and the record shows some inconsistencies in his testimony, but aside from that, the burden of proof was on defendant to establish that the note had been paid, and clearly the preponderance of the evidence does not establish any such fact.

Relative to the prayer of appellee to amend the judgment and allow the claim for attorney's fees, there is not any evidence to support the demand other than that the note was drawn on the usual blank form, or such as is used by banks, which is not we think sufficient to show that attorney's fees were stipulated for and warrant any judgment on that demand.

The judgment appealed from is affirmed, at appellant's cost.